UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JASON CHRISTIANSEN,<br><br>    Plaintiff,<br><br>v.<br><br>JEVIC TRANSPORTATION, INC.<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>) CASE No. 4:05-cv-40109-FDS<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM IN SUPPORT OF**
**DEFENDANT JEVIC'S MOTION TO DISMISS**

Defendant Jevic Transportation, Inc. ("Jevic"), in support of its Motion to Dismiss Plaintiff Jason Christiansen's Complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6), submits the following Memorandum in Support.

**PLAINTIFF'S ALLEGATIONS**

Plaintiff Jason Christiansen ("Christiansen") alleges that he loaded trucks during the entire course of his employment with Jevic, a nationwide trucking company and carrier of freight. Complaint, ¶ 3. Christiansen further alleges that he worked more than forty (40) hours a week and did not receive overtime pay. Complaint, ¶¶ 6-7. Finally, Christiansen claims that he was terminated after making "inquiries" regarding alleged entitlement to overtime pay. Complaint, ¶ 11.

For purposes of Jevic's Motion to Dismiss, Christiansen's well-pleaded allegations are accepted as true. *See Curran v. City of Boston*, 777 F. Supp. 116, 119 (D. Mass. 1991). Even accepting the allegations as true, Christiansen fails to state a claim. Christiansen's loader position is exempt not only under federal law but also under the identical Massachusetts

968788v1

law. *See Harrington v. Despatch Indus., L.P.*, No. Civ. A. 03-12186-RGS, 2005 WL 1527630, *3 (D. Mass. June 29, 2005). Furthermore, Christiansen did not engage in any protected activity under Massachusetts law. *See Valerio v. Putnam Assocs. Inc.*, 173 F.3d 35 (1st Cir. 1999)

## ARGUMENT

*Standard of Review*

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) should be granted if the plaintiff can prove no set of facts to support his claim. *Curran*, 777 F. Supp. at 119. For purposes of a motion to dismiss, "[l]egal conclusions, deductions or opinions, however are not given a presumption of truthfulness." *Id.*

**I.    Massachusetts' Overtime Exemption Applies to Christiansen**

In his Complaint, Christiansen does not assert a claim under the Fair Labor Standards Act (FLSA); instead, Christiansen avoids the FLSA (and its obvious exemptions applicable to his employment) and he asserts an overtime claim under Massachusetts' Fair Wage Law (MFWL). However, Christiansen's overtime claim fails under Massachusetts law, as it would under federal law, and should be dismissed.

**A.    Massachusetts Wage Law is Identical to Federal Wage Law.**

In 1935, Congress passed the Federal Motor Carrier Act and "'vested in the Interstate Commerce Commission power to establish reasonable requirements with respect to qualifications and maximum hours of service of employees and safety operation and equipment of common and contract carriers by motor vehicle.'" *Harrington*, 2005 WL 1527630, *3 (quoting *Levinson v. Spector Motor Serv.*, 330 U.S. 649, 658 (1947)). Three years later, Congress passed the FLSA. *Harrington*, 2005 WL 1527630, *3.

"Under the FLSA, an employer is required to compensate employees who work overtime at a rate not less than one and one-half times their regular hourly wage." *Id.* *2. Likewise, MFWL requires employees be compensated one and one-half times their regular hourly wage for overtime work. Mass. Gen. Laws ch. 151, § 1A. Under the FLSA and the MFWL specific exemptions were made for the Motor Carrier Act. *See* 29 U.S.C. § 213(b)(1) (stating exemption for employees over "whom the Secretary of Transportation has power to establish qualifications and maximum hours of service pursuant to the provisions of [the MCA]"); Mass. Gen. Laws ch. 151, § 1A(8) (stating that the overtime provisions are not applicable to "a driver or helper on a truck with respect to whom the Interstate Commerce Commission has power to establish qualifications and maximum hours of service pursuant to the provisions of section two hundred and four of the motor carrier act of nineteen hundred and thirty-five, or as an employee of an employer subject to the provisions of part I of the Interstate Commerce Act").

This Court, as recently as June 29, 2005, as well as the First Circuit, has held that the "relevant exemptions under the MFWL are identical to those under the FLSA . . . and the same analysis applies." *Harrington*, 2005 WL 1527630, *7 n.8 (citing *Valerio*, 173 F.3d at 40 ("The basic overtime provision of the Massachusetts statute is essentially identical to the FLSA.")). Indeed, the Supreme Judicial Court of Massachusetts held that "[t]he overtime provision of the minimum wage law, G.L. c. 151, § 1A, inserted by St. 1960, c. 813, was expressly intended to provide comparable overtime compensation 'for all workers not now covered by Federal law . . . [and] were intended to be 'essentially identical' to Federal law." *Swift v. AutoZone, Inc.*, 806 N.E.2d 95, 98 (Mass. 2004) (quoting and citing *Valerio*, 173 F.3d at

40). Thus, Christiansen's overtime claim under the MWFL is subject to the same analysis and exemptions as provided under the FLSA.

    **B.**     **Loaders for Interstate Trucks, Such as Christiansen, are Exempt From the Provisions Requiring Overtime Compensation.**

Under Federal law, and therefore under the MFWL, certain employees and employers are exempt from overtime provisions. This includes "Loaders" for interstate trucking companies. *See* 29 C.F.R. § 782.5. "A 'loader,' as defined for Motor Carrier Act" is an employee "whose duties include, among other things, the proper loading of his employer's motor vehicles so that they may be safely operated on the highways of the country." 29 C.F.R. § 782.5(a). Employees qualify for this exemption even if they are called by another name, such as "'dockman,' 'stacker,' or 'helper,'" and even if their duties may also "include unloading and the transfer of freight between the vehicles and the warehouse." 29 C.F.R. § 782.5(a).

In this case, Christiansen freely alleges that he was a "loader" and that he used a forklift for the "unloading and **loading** of trucks." Complaint, ¶ 3 (emphasis added). Thus, Christiansen's allegations fall squarely within the exemption for overtime compensation under the FLSA and MFWL. Consistent with this Court's ruling in *Harrington*, 2005 WL 1527630, as well as the Massachusetts' Supreme Court's holding in *Swift*, 806 N.E.2d at 98, Christiansen's overtime claim should be dismissed.

**II.**     **Christiansen Did Not Engage in Protected Activity to Support Retaliation**

Despite the lack of any legal basis to assert a claim for overtime compensation, Christiansen alleges that he was terminated for making "inquiries" about overtime compensation and pursues a claim for unlawful termination based on Mass. Gen. Laws ch. 149, § 148A. This provision does not apply to Christiansen's alleged conduct and therefore provides no basis for a claim.

### A.   Limited Conduct is Protected from Retaliation.

Massachusetts law, as set forth in Mass. Gen. Laws ch. 149, § 148A, provides in part that:

> Any employer who discharges or in any other manner discriminates against any employee because such employee has **made a complaint to the attorney general or any other person, or assists the attorney general in any investigation** under this chapter, or has **instituted, or caused to be instituted any proceeding** under or related to this chapter, or has **testified or is about to testify in any such proceedings**, shall have violated this section and shall be punished or shall be subject to a civil citation or order as provided in section 27(c).

Mass. Gen. Laws ch. 149, § 148A (emphasis added). The language of this statute provides specific instances in which an employee is protected based on a complaint or participation in an investigation with the Massachusetts attorney general. Outside these specific provisions there is no general protection, including for alleged "inquiries."

In *Valerio v. Putnam Assocs. Inc.*, 173 F.3d 35 (1st Cir. 1999), the First Circuit considered a claim of retaliation under Massachusetts law for allegedly reporting what an employee believed was a violation of the overtime law. *Id.* at 45. The Court of Appeals affirmed the district court's holding that Massachusetts does not "recognize a common law cause of action where the relevant public policy has already been vindicated by a state or federal statute." *Id.* Thus, Christiansen's retaliation claim, if any, must meet the specific requirements of the statute.

### B.   Christiansen's Complaint Occurred After His Termination.

In this case, the only alleged protected conduct by Christiansen was "inquiries" which were apparently discovered by Jevic. Prior to Christiansen's termination, there was no complaint made, much less a complaint made to the attorney general as required by statute. Indeed, Christiansen did not file his "Non-Payment of Wage Complaint Form" until March 2,

2005 – after his termination from employment at Jevic. *See* Exhibit A.[1/] Thus, Christiansen's termination could not have been made in violation of Mass. Gen. Laws ch. 149, § 148A, and his Unlawful Termination Count in the Complaint should be dismissed.

### CONCLUSION

For the foregoing reasons, Defendant Jevic Transportation, Inc. requests the Court dismiss Plaintiff Jason Christiansen's Complaint for failure to state a claim.

Respectfully Submitted,
Morrison Mahoney LLP

/s/ Tory A. Weigand
_____
Gary W. Harvey, BBO #548553
Tory A. Weigand, BBO #547993
250 Summer Street
Boston, MA 02210-1181
Tel: (617) 439-7500
Fax: (617) 342-4875 – Harvey
Fax: (617) 342-4947 – Weigand

and

BRYAN CAVE LLP

Jeremiah J. Morgan, pro hac vice
3500 One Kansas City Place
1200 Main Street
Kansas City, MO 64105
Tel: 816-391-7647
Fax: 816-374-3000
ATTORNEYS FOR DEFENDANT JEVIC
TRANSPORTATION, INC.

---

[1/] A court can consider documents integral to or explicitly relied upon in the complaint, even though not attached to the complaint, without converting the motion to dismiss into one for summary judgment. *See Stein v. Royal Bank of Canada*, 239 F.3d 389, 392 (1st Cir. 2001).

## **CERTIFICATE OF SERVICE**

     The undersigned hereby certifies that a true and correct copy of the above and foregoing was served via United States mail, first class postage prepaid on this 7th day of July, 2005, addressed to the following counsel of record:

    Raymond A. Desautels III, Esq.
    466 Main Street, P.O. Box 289
    Oxford, MA 01540

    Attorney for Plaintiff

                                    /s/ Tory A. Weigand
                                Attorney for Defendant

# EXHIBIT "A"



# THE COMMONWEALTH OF MASSACHUSETTS
## OFFICE OF THE ATTORNEY GENERAL
Central Massachusetts Division
One Exchange Place
Worcester, Massachusetts 01608

MAR 02 2005

**TOM REILLY**
**ATTORNEY GENERAL**

(508) 792-7600
www.ago.state.ma.us

## Non-Payment of Wage Complaint Form

**EMPLOYEE INFORMATION:**

Name: Jason Christiansen    Soc. Sec. #: 023 56 1408

Address: 57 Worcester Rd   P O Box 188

City: Charlton City    State: Ma    Zip: 01508

Date of Birth: 12/30/75    Cell Phone: 774-230-1694    Home Phone: 508-248-3061

What type of work did you perform: forklift Operator for a Trucking Co.

**EMPLOYER INFORMATION:** (complaint will not be accepted unless this section is completed.)

Company Name: Jevic Transportation

Address: 6 Pioneer Dr.

City: Oxford    State: Ma    Zip: 01540

Phone: 800-446-1706    Total number of employees in company: _____

President/Owner Name: Paul Korvois    Title: President    Located in Delanco NJ.

Local Manager Name: Rich Sudol

Town where work was performed: Oxford Ma

**WAGE/BENEFIT INFORMATION:**

Date of Hire: 1-22-99    Were you discharged? Yes    Date of discharge: 2-23-05

Did you leave? No    Date: _____    Reason for leaving: _____

If you left, did you make a personal demand for this money? _____

If yes, what was the response of the employer: _____

Rate of Pay: $ 19.85 per (hour)/week: + .75 differential    Unpaid Wages: _____