UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JASON CHRISTIANSEN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JEVIC TRANSPORTATION, INC. )<br>)<br>Defendant. )<br>) | CASE No. 4:05-cv-40109-FDS |

**CERTIFICATION OF FILING**
**ALL PAPERS REQUIRED BY LOCAL RULE 8.1**

I, Tory A. Weigand, attorney for the defendant, hereby affirm that the attached are certified copies of all records and proceedings in the Worcester Superior Court in and for the County of Worcester, including the filing of the Notice of Removal.

                                          Respectfully Submitted,
                                          The Defendant,
                                          JEVIC TRANSPORTATION, INC.
                                          By their attorneys,

                                          MORRISON MAHONEY LLP

                                          _____
                                          Tory A. Weigand, BBO #548553
                                          MORRISON MAHONEY LLP
                                          250 Summer Street
                                          Boston, MA  02210-1181
                                          (617) 439-7500 (main no.)
                                          (617) 737-8827 (direct dial)
                                          Fax:  (617) 342-4947 – Weigand

969877v1

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing was served via United States mail, first class postage prepaid on this 21st day of July, 2005, addressed to the following counsel of record:

Raymond A. Desautels III, Esq.
466 Main Street, P.O. Box 289
Oxford, MA 01540

Attorney for Plaintiff

_____
Attorney for Defendant

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, ss.	SUPERIOR COURT
	CIVIL ACTION NO: 05-0966A

|  |  |
|---|---|
| JASON CHRISTIANSEN,<br>Plaintiff,<br><br>v.<br><br>JEVIC TRANSPORTATION, INC.<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**NOTICE OF FILING OF NOTICE OF REMOVAL
TO THE UNITED STATES DISTRICT COURT**

TO THE CLERK FOR THE WORCESTER COUNTY SUPERIOR COURT

Please take notice that on June 30, 2005, the above-captioned action has been removed to the United States District Court for the District of Massachusetts, pursuant to Title 28, United States Code §§ 1441 and 1446. A certified copy of said Notice of Removal is attached hereto, in accordance with Title 28, United States Code § 1446(d). In accordance with federal law, the state case shall proceed no further.

Respectfully Submitted,

The Defendant,
JEVIC TRANSPORTATION INC.,
By its attorneys

_____
Tory A. Weigand, BBO #548553
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02210-1181
Direct Tel: 617-737-8827
Direct Fax: 617-342-4947

&

1 of 2

967908v1

FILED
MAY 2 6 2005
ATTEST: [signature]
CLERK

COMMONWEALTH OF MASSACHUSETTS
THE TRIAL COURT

WORCESTER, SS.                    SUPERIOR COURT DEPARTMENT
                                  CIVIL ACTION NO.: 05-0966 A

| | |
|---|---|
| JASON CHRISTIANSEN, ) | |
| Plaintiff, ) | |
| ) | COMPLAINT AND DEMAND |
| vs. ) | FOR TRIAL BY JURY |
| ) | |
| JEVIC TRANSPORTATION, INC. ) | |
| Defendant ) | |




## PARTIES

1.      The Plaintiff, Jason Christiansen, is an individual residing at 57 Worcester Road in the Town of Charlton City, County of Worcester, Commonwealth of Massachusetts, (hereinafter referred to as "Christiansen").

2.      The Defendant, Jevic Transportation, Inc., upon information and belief, is a corporation duly authorized to operate in the Commonwealth of Massachusetts with an office at 6 Pioneer Drive in the Town of Oxford, County of Worcester, Commonwealth of Massachusetts (hereinafter referred to as "Jevic").

3.      At all times here mentioned, the Plaintiff, Jason Christiansen, was an employee of Jevic as a warehouse worker operating a fork truck and unloading and loading of trucks.

4.      Christiansen began working at Jevic on January 22, 1999 and his employment was terminated on February 23, 2005. During the course of his employment, he always worked on the dock as a fork truck operator.

5.      During the course of Christiansen's employment his pay rate gradually rose to a maximum of $20.45 per hour.

6.      During the course of Christiansen's employment he worked more than forty hours per week many times.

7.      Jevic never paid Christiansen time and one-half for any hours worked over forty hours in a single work week.

8.      Christiansen received authorization from the Attorney General of the Commonwealth of Massachusetts to pursue this claim pursuant to Chapter 149, §150 Attached is a letter marked as Exhibit "A" from Palmer Santucci, Inspector of the Fair Labor and Business Practices Division.

## COUNT I
## NON-PAYMENT OF OVERTIME

9. The above-referenced actions of the Defendant, Jevic, are in willful violation of Chapter 149, §27 and Chapter 151, §1A which require employers to pay time and one-half after a forty hour work week.

WHEREFORE, the Plaintiff requests actual lost wages since the date of his employment plus triple damages as allowed by statute, attorney's fees and costs of collection.

## COUNT II
## UNLAWFUL TERMINATION

10. The Plaintiff repeats and realleges the allegations as set forth in Paragraphs 1 – 9 of this Complaint as though fully stated herein.

11. Christiansen began investigating whether or not he and other employees were entitled to time and one-half after forty hours. Jevic discovered Christiansen's inquiries in mid-January or early February of 2005 and they unlawfully and without cause terminated his employment on February 23, 2005 in a violation of Chapter 149 §148A.

12. To date, Christiansen has not been able to locate other employment and as such, has suffered damages.

WHEREFORE, the Plaintiff requests double or triple damages as allowed by statute, attorney's fees and actual lost wages.

Respectfully Submitted,
JASON CHRISTIANSEN,
By His Attorney,

Raymond A. Desautels III, Esquire
466 Main Street, P.O. Box 289
Oxford, MA 01540
(508) 987-6232
BBO #560505

Dated: May 23, 2005

A true copy by photostatic process
Attest:
Asst. Clerk

Commonwealth of Massachusetts
WORCESTER SUPERIOR COURT
Case Summary
Civil Docket

## WOCV2005-00966
### Christiansen v Jevic Transportation Inc

| | | | | | | |
|---|---|---|---|---|---|---|
| File Date | 05/26/2005 | Status | Disposed: transfered to other court (dtrans) | | | |
| Status Date | 07/06/2005 | Session | A - Civil A (12 Worcester) | | | |
| Origin | 1 | Case Type | B99 - Misc tort | | | |
| Lead Case | | Track | F | | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| Service | 08/24/2005 | Answer | 10/23/2005 | Rule12/19/20 | 10/23/2005 |
| Rule 15 | 10/23/2005 | Discovery | 03/22/2006 | Rule 56 | 04/21/2006 |
| Final PTC | 05/21/2006 | Disposition | 07/20/2006 | Jury Trial | Yes |

### PARTIES

**Plaintiff**
Jason Christiansen
57 Worcester Road
Charlton, MA 01507
Active 05/26/2005

**Private Counsel 560505**
Raymond A Desautels III
466 Main Street
PO Box 289
Oxford, MA 01540
Phone: 508-987-6232
Fax: 508-987-0807
Active 05/26/2005 Notify

**Defendant**
Jevic Transportation Inc
6 Pioneer Drive
Oxford, MA 01540
Served: 06/02/2005
Served (answr pending) 06/02/2005

A true copy by photostatic process
Attest:
Asst. Clerk

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 05/26/2005 | 1.0 | Complaint civil action cover sheet and Rule 29 statement filed-CJ |
| 05/26/2005 | | Origin 1, Type B99, Track F. |
| 05/26/2005 | | Filing fee paid in the amount of $240.00 including $15.00 surcharge and $20.00 security fee($275.00) |
| 06/02/2005 | 2.0 | SERVICE RETURNED: Jevic Transportation Inc(Defendant) person in charge |
| 07/06/2005 | | Case REMOVED this date to US District Court of Massachusetts |

### EVENTS

# COMMONWEALTH OF MASSACHUSETTS

| | | |
|---|---|---|
| Worcester, ss. | **FILED**<br>JUN 0 7 2005<br>ATTEST:<br>_____<br>CLERK | Superior Court<br>Department of the Trial Court<br>of the Commonwealth<br>Civil Action<br><br>No. 05-0966A |

6/16

JASON CHRISTIANSEN,        )
                            Plaintiff   )
                                  )    **SUMMONS**
          v.   )
                                )
JEVIC TRANSPORTATION, INC.   )
                           Defendant   )

\*    To the above-named Defendant:

      You are hereby summoned and required to serve upon ...Raymond..A.............
Desautels III, Esquire................................................., plaintiff's attorney,
whose address is 466..Main..Street.,..P..O....Box..289.,..Oxford,...MA....01540
an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the SUPERIOR COURT Department of the Trial Court at WORCESTER either before service upon plaintiff's attorney or within a reasonable time thereafter.

      Unless otherwise provided by Rule 13 (a), your answer must state as a counter-claim any claim which you may have against the plaintiff which arises out of the transaction of occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

             Barbara J. Rouse
    Witness, ▬▬▬▬▬▬▬▬▬ Esquire, at Worcester, the...31st...............
day of ....May.................................in the year of our Lord two thousand and
..five.......... .

A true copy by photostatic process
Attest: _____
Asst. Clerk

_____
Clerk

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption.
   If a separate summons is used for each defendant, each should be addressed to that particular defendant.

      PLEASE CIRCLE TYPE OF ACTION INVOLVED: TORT — MOTOR VEHICLE TORT — CONTRACT EQUITABLE RELIEF — CH. 93A — MEDICAL MALPRACTICE — OTHER.

\*    NOTICE TO DEFENDANT: You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein AND also file the original in the Clerk's Office, Superior Court, Room 21.

| CIVIL ACTION<br>COVER SHEET | DOCKET NO.(S)<br>05-0966 A | Trial Court of Massachusetts<br>Superior Court Department<br>County: Worcester |
|---|---|---|

| PLAINTIFF(S)<br>Jason Christiansen | DEFENDANT(S)<br>Jevic Transportation |
|---|---|
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE<br>Raymond A. Desautels III, Esquire<br>466 Main Street, P.O. Box 289<br>Oxford, MA  01540   Tel. (508) 987-6232<br>Board of Bar Overseers number: BBO #560505 | ATTORNEY (if known) |

**Origin code and track designation**

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B99 | Other - Tort | (F) | (X) Yes    ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses ................................................. $ ...........
  2. Total Doctor expenses .................................................. $ ...........
  3. Total chiropractic expenses ............................................ $ ...........
  4. Total physical therapy expenses ........................................ $ ...........
  5. Total other expenses (describe) ........................................ $ ...........
  Subtotal $ ...........
B. Documented lost wages and compensation to date ............................. $ ...........
C. Documented property damages to date ....................................... $ ...........
D. Reasonably anticipated future medical and hospital expenses ................ $ ...........
E. Reasonably anticipated lost wages ......................................... $ ...........
F. Other documented items of damages (describe)
  $ ...........
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

A true copy by photostatic process
Attest: /s/ illegible
Asst. Clerk

$ ...........
TOTAL $ ...........

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

Plaintiff did not receive time and one-half for hours worked over 40 hours. Statute allows for triple damages and attorney's fees.

TOTAL $. 55,000.00.

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____   DATE: 5/24/05

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000